

ORDERED in the Southern District of Florida on May 21, 2025.

**Scott M. Grossman, Judge
United States Bankruptcy Court**

___

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

ELIZA SERAPHIN,                                       Case No. 24-22422-SMG

    Debtor.                                             Chapter 13
_____/

LAW OFFICE OF BRANDON A.
ROTBART, P.A. and BRANDON ROTBART,

    Plaintiffs,

v.                                                                     Adv. No. 25-01010-SMG

ELIZA SERAPHIN,

    Defendant.
_____/

**ORDER DISMISSING AMENDED COMPLAINT WITHOUT
PREJUDICE TO FILING A SECOND AMENDED COMPLAINT**

On January 14, 2025, plaintiffs Law Office of Brandon A. Rotbart, P.A. and Brandon Rotbart filed a six-count complaint against defendant Eliza Seraphin,

ostensibly to determine whether a debt is dischargeable.[1] Attorney Brandon A. Rotbart represents the plaintiffs, which are his own law firm, Law Office of Brandon A. Rotbart, P.A., and himself. As an attorney licensed to practice in the State of Florida, although representing himself and his law firm, Mr. Rotbart is held to the same standard as any other attorney and is not entitled to the liberal construction of pleadings afforded to pro se litigants.[2]

Based on pleading deficiencies apparent from the face of the original complaint, at the March 4, 2025 scheduling conference[3] in this adversary proceeding – which took place before the plaintiffs had even served the defendant – the Court sua sponte granted leave for the plaintiffs to amend their complaint.[4] They timely did so and then served the defendant. The defendant responded with a motion to dismiss[5] for failure to state a claim upon which relief may be granted.[6] For the reasons discussed below, the Court will grant the motion and dismiss the amended complaint. But the Court will give the plaintiffs one more chance to amend.

---

[1] ECF No. 1.
[2] *See In re Keitel*, 852 Fed. App'x 463, 464 n.1 (11th Cir. 2021) ("the liberal construction and leeway normally afforded to pro se litigants does not apply to [an attorney representing himself] given his formal legal training and considerable litigation experience." (citing *Olivares v. Martin*, 555 F.2d 1192, 1194 n.1 (5th Cir. 1977)); *Bowers v. Bd. of Regents of Univ. Sys. of Georgia*, 509 Fed. App'x 906, 908 n.1 (11th Cir. 2013) ("Because [the appellant] is a licensed lawyer, his complaint does not receive the liberal construction typically afforded pro se plaintiffs' complaints.") (citing *Olivares*, 555 F.2d at 1194 n.1).
[3] ECF No. 3.
[4] ECF No. 4.
[5] ECF No. 13.
[6] The motion to dismiss also raised issues regarding the disclosure of certain personal information. The Court has separately addressed and resolved that issue, which resulted in the filing of a redacted version of the amended complaint at ECF No. 24. All references to the amended complaint in this order refer to ECF No. 24.

While purporting in paragraph 2 to seek to except a debt from discharge and to lift the automatic stay, the amended complaint contains the following six counts:

| **Count** | **Description** | **Basis** |
| --- | --- | --- |
| 1 | Fraud Upon This Court | "11 USC 727. See also 11 USC 521-522." |
| 2 | Concealment of Assets | "11 USC 727. See also 11 USC 521-522." |
| 3 | Objection to Discharge | "11 USC 523(a)(2)." |
| 4 | Fraudulent Transfer | "11 USC 548(a)(1). See also 11 USC 544." |
| 5 | Submitting False Statements to the Court | "11 USC 727(a)(4) and 11 USC 1328. See also 18 USC 152." |
| 6 | Failure to Comply With Court Orders | "11 USC 727(a)(7)," and "11 USC 1328." |

The exceptions to a bankruptcy discharge are set forth in 11 U.S.C. § 523,[7] but only one count – Count 3 – even mentions section 523. While Count 3 is deficiently pleaded under *Bell Atlantic Corp. v. Twombly*,[8] *Ashcroft v. Iqbal*,[9] and Federal Rule of Civil Procedure 9(b) (made applicable by Federal Rule of Bankruptcy Procedure 7009), it at least purports to state a claim for a determination of dischargeability of a debt.

None of the other counts come even close. The defendant is a debtor under chapter 13 of the Bankruptcy Code, so her entitlement to a bankruptcy discharge is governed by 11 U.S.C. § 1328, and not 11 U.S.C. § 727(a).[10] Accordingly, Counts 1 and

---

[7] The exceptions to discharge listed in section 523 apply in a chapter 13 case. *See* 11 U.S.C. §§ 103(a) (chapter 5 applies in chapter 13 cases); 523(a) ("A discharge under section . . . 1328(b) of this title does not discharge an individual debtor from any debt—" listed in subsections (a)(1) through (a)(20)).
[8] 550 U.S. 544 (2007).
[9] 556 U.S. 662 (2009).
[10] *See* 11 U.S.C. §§ 103(b) (subchapters I and II of chapter 7 only apply in chapter 7 cases); 1328 (governing chapter 13 discharges); *In re Il Nam Chang*, 539 B.R. 733, 737 (Bankr. M.D. Pa. 2015) (objections to discharge under § 727 do not apply in chapter 13 cases); *In re Parker*, 49 B.R. 61, 62 (Bankr. E.D. Va. 1985) (same).

3

2 fail to state a claim. As for Count 4, only a trustee – not a creditor – can bring a fraudulent transfer claim under sections 548 and 544,[11] so that count also fails to state a claim. Counts 5 and 6 at least mention section 1328, but do so with parallel reference to section 727. Again, section 727 does not apply in chapter 13 cases, nor does any portion of section 1328 incorporate it. And no portion of section 1328 contains an exception to discharge for making false statements or failing to comply with court orders.[12] So these counts fail to state a claim as well.[13] Finally, the amended complaint also purports to seek relief from the automatic stay – relief that does not require a complaint and instead may be sought by motion.[14]  But it fails to cite, let alone address, 11 U.S.C. § 362(d) or any basis thereunder for stay relief.

    Accordingly, the amended complaint[15] fails to state any claim upon which relief may be granted. Indeed, the defendant asserts that the amended complaint is actually "a semi-shotgun pleading in that all of the same allegations are incorporated into each Count."[16] It is not a semi-shotgun pleading, though. As discussed below, it is an actual shotgun pleading, because it is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action."[17]

---

[11] *In re Pac. Gas & Elec. Co.*, 281 B.R. 1, 13 (Bankr. N.D. Cal. 2002), *subsequently aff'd sub nom. City & Cnty. of San Francisco v. PG & E Corp.*, 433 F.3d 1115 (9th Cir. 2006) ("Absent court approval, only a trustee or debtor in possession has standing to assert a fraudulent transfer action.") (citing *Am. Nat'l Bank of Austin v. MortgageAmerica Corp. (In re MortgageAmerica Corp.)*, 714 F.2d 1266 (5th Cir. 1983); *AP Indus., Inc. v. SN Phelps & Co. (In re AP Indus., Inc.)*, 117 B.R. 789, 800 (Bankr. S.D.N.Y. 1990)).

[12] These might be bases to deny confirmation of a chapter 13 plan or to dismiss a chapter 13 case, but they are not statutory bases to deny a chapter 13 discharge. *See* 11 U.S.C. § 1307(c); 1325(a).

[13] Count 5 also references 18 U.S.C. § 152, but that statute sets forth the elements of a crime, and not a civil cause of action for a private litigant to bring.

[14] *See* Fed. R. Bankr. P. 4001; Fed. R. Bankr. P. 7001.

[15] ECF No. 24.

[16] ECF No. 13, at 5.

[17] *Barmapov v. Amuial*, 986 F.3d 1321, 1325 (11th Cir. 2021).

4

As an impermissible shotgun pleading, the Court is obligated to "confront [it] . . . head on at the earliest stages of the litigation."[18] Because the Court cannot state it any better than the Eleventh Circuit already has, the Court will quote liberally from the Eleventh Circuit's 2021 opinion (including Judge Tjoflat's concurrence) in *Barmapov v. Amuial*[19] to explain what is wrong with the amended complaint. Counsel is urged to carefully read *Barmapov* as well as the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Federal Rules of Civil Procedure, before filing a second amended complaint. This will be his last chance.

As the Eleventh Circuit panel described it in *Barmapov*:[20]

> A shotgun pleading is a complaint that violates either Federal Rule of Civil Procedure 8(a)(2) or Rule 10(b), or both. *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). Rule 8(a)(2) requires the complaint to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 10(b) requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "If doing so would promote clarity," Rule 10(b) also mandates that "each claim founded on a separate transaction or occurrence ... be stated in a separate count ...." *Id.* The "self-evident" purpose of these rules is "to require the pleader to present his claims discretely and succinctly, so that[ ] his adversary can discern what he is claiming and frame a responsive pleading." *Weiland*, 792 F.3d at 1320 (quoting *T.D.S. Inc. v. Shelby Mut. Ins. Co.*, 760 F.2d 1520, 1544 n.14 (11th Cir. 1985) (Tjoflat, J., dissenting)). These rules were also written for the benefit of the court, which must be able to determine "which facts support which claims," "whether the plaintiff has stated any claims upon which relief can be granted," and whether evidence introduced at trial is relevant. *Id.* (quoting *T.D.S.*, 760 F.2d at 1544 n.14 (Tjoflat, J., dissenting)).

---

[18] 986 F.3d at 1329 (Tjoflat, J., concurring).
[19] 986 F.3d 1321.
[20] *Id.* at 1324-25 (emphasis added).

5

> Shotgun pleadings "are flatly forbidden by the spirit, if not the letter, of these rules" because they are "calculated to confuse the 'enemy,' and the court, so that theories for relief not provided by law and which can prejudice an opponent's case, especially before the jury, can be masked." *Id.* (alterations adopted) (quoting *T.D.S.*, 760 F.2d at 1544 n.14 (Tjoflat, J., dissenting)). Besides violating the rules, shotgun pleadings also "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Vibe Micro*, 878 F.3d at 1295 (alterations adopted) (internal quotation marks omitted). We have "little tolerance" for them. *Id.*
>
> "[W]e have identified four rough types or categories of shotgun pleadings." *Weiland*, 792 F.3d at 1321. The first is "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* The second is a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322. The third is a complaint that does not separate "each cause of action or claim for relief" into a different count. *Id.* at 1323. And the final type of shotgun pleading is a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.*

Judge Tjoflat then penned a lengthy concurrence, expanding on the panel's analysis to express his "views on how lawyers and district courts should proceed when faced with a shotgun pleading," to "guide lawyers in this Circuit through the pleadings stage," in the hope that "[i]f future lawyers follow this guidance, . . . they will be better situated to vindicate the rights of their clients and reduce the workload strain on our already-overborne federal courts."[21] He explains in detail "the roles that plaintiff's

---

[21] *Id.* at 1326-27 (Tjoflat, J., concurring).

counsel, district courts, and defense counsel play in paring down unwieldy pleadings, as well as the policies that inform those roles."[22] As he stated:[23]

### I.

### A.

> The form a complaint takes is, first and foremost, plaintiff's counsel's responsibility. Over 35 years ago, I stated that we require a "pleader to present his claims discretely and succinctly[ ] so that[ ] his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not." *T.D.S. Inc. v. Shelby Mut. Ins. Co.*, 760 F.2d 1520, 1543 n.14 (11th Cir. 1985) (Tjoflat, J., dissenting). At the time, I was expressly concerned about complaints drafted "to confuse the 'enemy,' and the court." *Id.* Such complaints allow a plaintiff to "mask[ ]" "theories of relief not provided by law" that could prejudice a defendant's case, *id.*, and it goes without saying that plaintiff's lawyers—many too clever for their own good—continue to file shotgun complaints with those goals in mind.
>
> But courts in this Circuit increasingly run across shotgun complaints that are not drafted for the purpose of hoodwinking the opposing party or the district court. Much of the time, these complaints are just poorly written. For example, complaints that may contain meritorious claims but are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action" are subject to dismissal under our shotgun pleading case law. *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1322 (11th Cir. 2015). To an outside observer, disposing of these otherwise viable claims because a plaintiff's lawyer pled *too many* facts may seem like strong medicine, particularly in light of *Ashcroft v. Iqbal*'s requirement that a complaint include *more* than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). And it is strong medicine, but for good reason.
>
> The federal judiciary is a system of scarce resources, and "[i]t is not the proper function of courts in this Circuit to parse out [ ] incomprehensible

---

[22] *Id.* at 1327 (Tjoflat, J., concurring).
[23] *Id.* at 1327-1330 (Tjoflat, J., concurring) (internal footnotes omitted).

7

allegations." *Estate of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1358 (11th Cir. 2020). Our district courts have neither the manpower nor the time to sift through a morass of irrelevant facts in order to piece together claims for plaintiff's counsel. *See, e.g.*, *Cramer v. State of Fla.*, 117 F.3d 1258, 1263 (11th Cir. 1997) ("Shotgun pleadings, whether filed by plaintiffs or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchannelled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources."). As the drafters of their pleadings and as officers of the court, lawyers practicing in this Circuit bear a responsibility to preserve the limited resources of the judiciary and present only clear, precise pleadings to the courts. In fact, I have—on multiple occasions—expressed my belief that the deliberate use of a shotgun pleading to impede the orderly process of a case is an "abusive litigation tactic[ ]" that could warrant a citation for criminal contempt. *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 982 n.66 (11th Cir. 2008), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007) (quoting *Byrne v. Nezhat*, 261 F.3d 1075, 1131–32 (11th Cir. 2001)). Though poorly drafted pleadings may not present the same concerns as those drafted for the express purpose of abusing the judicial process, they nevertheless overburden the courts with makework and impede the efficient dispensation of justice.

Further, district courts are flatly forbidden from scouring shotgun complaints to craft a potentially viable claim for a plaintiff. By digging through a complaint in search of a valid claim, the courts "would give the appearance of lawyering for one side of the controversy." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1355 n.6 (11th Cir. 2018). This, in turn, would cast doubt on the impartiality of the judiciary. *Id.* Such a result is plainly inconsistent with the oath to which each judge has sworn. *See* 28 U.S.C. § 453 ("Each justice or judge of the United States shall take the following oath or affirmation before performing the duties of his office: 'I, ... ..., do solemnly swear (or affirm) that I will administer justice without respect to persons, and do equal right to the poor and to the rich, and that I will faithfully and impartially discharge and perform all the duties incumbent upon me as ... under the Constitution and laws of the United States. So help me God.'"). Lawyers simply cannot delegate the responsibility of making their case to the district courts.

Plaintiff's lawyers practicing in this Circuit would do well to heed some old advice: "'In law it is a good policy never to plead what you need not, lest you oblige yourself to prove what you cannot.'" *Beckwith v. City of Daytona Beach Shores, Fla.*, 58 F.3d 1554, 1567 (11th Cir. 1995) (quoting Abraham Lincoln, Letter to Usher F. Linder, Feb. 20, 1848, *in*

*The Quotable Lawyer* 241 (D. Shrager & E. Frost eds., 1986)). I had hoped that, after thirty-five years of shotgun pleading case law, lawyers would be on sufficient notice that muddled, overpled complaints are subject to dismissal, even if they may contain potentially meritorious claims. But unfortunately, despite my repeated admonitions, I continue to see clients' rights go unvindicated because of poor drafting by their counsel.

B.

Although plaintiff's counsel is the first line of defense, district courts must also shoulder some responsibility in ensuring that shotgun pleadings are nipped in the bud. Indeed, we have repeatedly emphasized district courts' "duty to define the issues at the earliest stages of litigation" by ordering the repleading of a shotgun complaint. *Johnson Enters. of Jacksonville, Inc. v. FPL Grp., Inc.*, 162 F.3d 1290, 1333 (11th Cir. 1998). On the one hand, we recognize that district courts, "whose time is constrained by the press of other business," are sometimes "unable to squeeze the case down to its essentials." *Id.* But when shotgun complaints are allowed to survive past the pleadings stage, "all is lost—extended and largely aimless discovery will commence, and the trial court will soon be drowned in an uncharted sea of depositions, interrogatories, and affidavits." *Id.* (footnote omitted).

In the long run, the endless onslaught of discovery and the task of—at some point—sifting through the shotgun complaint "is far more time consuming than the work required up front" to dispose of the case. *Id.* So, rather than suffering through never-ending discovery, district courts faced with a shotgun pleading should—pursuant to their inherent authority—*immediately* order a repleader and instruct the party to plead its case in accordance with Federal Rules of Civil Procedure 8(a)(2) and 10(b). *See Fikes v. City of Daphne*, 79 F.3d 1079, 1083 n.6 (11th Cir. 1996).

Shotgun pleadings that ultimately slip past district courts also "wreak havoc on appellate court dockets." *Davis*, 516 F.3d at 982. When a district court fails to squeeze a pleading down and determine whether it complies with Rules 8(a)(2) and 10(b), appellate courts are required to pore over the record and rebuild the case from scratch. This is a herculean undertaking: appellate courts are simply too far removed from the underlying facts to complete the task successfully and efficiently. And, in some instances, a shotgun complaint may be so unintelligible that *even after* a careful, independent review of the record by an appellate court, oral argument will still be necessary to

understand the plaintiff's claims, further wasting the time and resources of the appellate courts.

So, while I recognize the intense time pressures district courts often face, it is my hope that they will take the opportunity to confront shotgun pleadings head on at the earliest stages of litigation. *See Johnson Enters.*, 162 F.3d at 1333 (discussing the need for "defin[ing] the issues" of a case "at the earliest stages of litigation.").

C.

Defense counsel serves as a final safeguard against the evils of shotgun pleadings. When faced with a complaint that bears the hallmarks of a shotgun pleading, defense counsel typically has two options. First, they can move the court for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). Or second, they can move to dismiss the complaint for failure to state a claim under Rule 12(b)(6). In the event the motion is defense counsel's first response to the shotgun complaint, the result will likely be the same under either rule. Under Rule 12(e), the district court will grant defense counsel's motion for a more definite statement and order plaintiff's counsel to redraft the pleading such that it complies with Rules 8(a)(2) and 10(b). If that order is not obeyed "within 14 days after notice of the order or within the time the court sets, the court may strike the [complaint] or issue any other appropriate order." Fed. R. Civ. P. 12(e). And for a Rule 12(b)(6) motion, the district court will dismiss the complaint without prejudice on the grounds that the pleading does not comply with Rules 8(a)(2) and 10(b); the court will then give plaintiff's counsel "one chance to remedy" the complaint's defects before dismissing the case with prejudice. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018).

That said, motions under Rules 12(e) and 12(b)(6) are not interchangeable: "[T]he fact that a careful Judge, in the exercise of that wise discretion controlled by the prescribed principles of [Rule 12(e)], might so conclude [that a party cannot be reasonably required to frame a responsive pleading] does not permit him to dismiss the complaint for failure to state a claim. It may well be that [plaintiff]'s complaint as now drawn is too vague, but that is no ground for dismissing his action." *Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1126 n.4 (11th Cir. 2014) (quoting *Mitchell v. E–Z Way Towers, Inc.*, 269 F.2d 126, 130 (5th Cir. 1959)). There may be times where, in the face of a Rule 12(b)(6) motion, the district court will conclude the appropriate remedy is an order directing the plaintiff to file a more definite statement, not a dismissal without prejudice. *See Jackson*, 898 F.3d at 1358 ("A chance to amend a complaint does not need to come in the form of a dismissal

10

without prejudice or the striking of a portion of the complaint's allegations. It can also be accomplished by ordering the party to file a more definite statement."). So, I caution defense counsel against diving directly into labor-intensive motions to dismiss where a motion for a more definite statement will suffice.

But most importantly, defense counsel should *never* respond to a shotgun pleading in kind. *See Paylor*, 748 F.3d at 1127 ("Rather than availing itself of the protective tools in the Federal Rules of Civil Procedure, Hartford responded to Paylor's shotgun pleading with a shotgun answer: 19 one-line affirmative defenses, none of which refers to a particular count, and none of which indicates that Hartford was even aware of when the retaliation and interference allegedly occurred."). We have expressly condemned the filing of shotgun answers that contain "affirmative defenses that fail[ ] to respond explicitly to the specific claims plaintiffs [are] independently asserting." *Davis*, 516 F.3d at 984. If, rather than heeding the warning of this Court, defense counsel does choose to respond in kind, then they may be knowingly foregoing (for example) attorney's fees. *See id.* ("Given the manner in which both sides chose to litigate this case in the district court, a strategy that complicated our task to no end, we will deny a request for attorney's fees from either side.").

\* \* \*

At bottom, the goals of this Circuit's case law addressing shotgun pleadings hinge on a delicate balance of responsibilities. Plaintiff's and defense counsel each owe a duty to the federal judiciary to streamline litigation as effectively as possible, as early as possible. In turn, district courts bear some responsibility to step in and ensure that shotgun pleadings do not slip through the cracks, lest they make more work for themselves and for the appellate courts. When each party upholds their end of the bargain, the courts of this Circuit can more efficiently vindicate the rights of those who have been harmed.

Bearing in mind Judge Tjoflat's admonitions in *Barmapov*, the Court will give the plaintiffs one more chance to properly plead a request for determination of dischargeability under specific provisions of 11 U.S.C. § 523 applying the standards set forth in Federal Rules of Civil Procedure 8(a), 9(b) (if alleging fraud), 10(b),

11

*Twombly*,[24] *Iqbal*,[25] and *Barmapov*.[26] Failure to do so will result in dismissal of any second amended complaint with prejudice. Accordingly, it is

**ORDERED** that:

1. The defendant's motion to dismiss[27] is **GRANTED**, **without prejudice to the plaintiffs filing a second amended complaint <u>within 21 days of entry of this order</u>.**

2. Failure of the plaintiffs to file a second amended complaint within 21 days will result in dismissal with prejudice.

3. Failure of any second amended complaint to satisfy the pleading requirements of Federal Rules of Civil Procedure 8(a), 9(b) (if alleging fraud), 10(b), *Twombly*, *Iqbal*, and *Barmapov*, will result in dismissal with prejudice.

###

*Copies furnished to all counsel of record via CM/ECF.*

---

[24] 550 U.S. 544.
[25] 556 U.S. 662.
[26] 986 F.3d 1321.
[27] ECF No. 13.