

**ORDERED in the Southern District of Florida on October 1, 2025.**

_____
**Scott M. Grossman, Judge**
**United States Bankruptcy Court**

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

ELIZA SERAPHIN,                                    Case No. 24-22422-SMG

     Debtor.                                       Chapter 13

_____/

LAW OFFICE OF BRANDON A.
ROTBART, P.A. and BRANDON ROTBART,

     Plaintiffs,

v.                                                Adv. No. 25-01010-SMG

ELIZA SERAPHIN,

     Defendant.

_____/

**ORDER GRANTING MOTION**
**TO DISMISS SECOND AMENDED COMPLAINT**

Defendant Eliza Seraphin hired plaintiffs Brandon Rotbart, Esq. and Law Office of Brandon A. Rotbart, P.A. to represent her in a state court child support action. After she refused to pay for these legal services, the plaintiffs sued her in state court and obtained a $183,772.50 default judgment. The plaintiffs now ask this Court to determine that this debt is excepted from any discharge Ms. Seraphin may receive in her bankruptcy case. The defendant, however, argues that after having been given two opportunities to amend their complaint, the plaintiffs have still failed to state a claim. Upon careful review of the second amended complaint, the Court agrees, and will now dismiss the second amended complaint with prejudice.

## I.    LEGAL STANDARD.

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[1] As explained by the Supreme Court in *Bell Atlantic Corp. v. Twombly*[2] and *Ashcroft v. Iqbal*,[3] this means that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[4] A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference" of the defendant's liability.[5] A claim is not facially plausible, however, if the allegations contain only "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'"[6] or "conclusory allegations,

---

[1] Fed. R. Civ. P. 8(a)(2), made applicable here by Federal Rule of Bankruptcy Procedure 7008.

[2] 550 U.S. 544 (2007).

[3] 556 U.S. 662 (2009).

[4] *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

[5] *Id.* (citing *Twombly*, 550 U.S. at 556).

[6] *Id.* (quoting *Twombly*, 550 U.S. at 555).

unwarranted deductions of facts or legal conclusions masquerading as facts."[7] A complaint that "do[es] not permit the court to infer more than the mere possibility" of liability fails to satisfy Rule 8(a)(2)'s requirement of showing that the pleader is entitled to relief[8] and must be dismissed for failure to state a claim under Rule 12(b)(6).[9]

When a complaint alleges fraud, the pleading standard is even higher. Federal Rule of Civil Procedure 9(b) requires that the complaint "state with particularity the circumstances constituting fraud."[10] This requires the plaintiff to allege: "(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the [p]laintiffs; and (4) what the defendants gained by the alleged fraud."[11] Stated another way, to survive a motion to dismiss, a plaintiff "must assert the who, what, when, and where of the purported fraud."[12]

## II.    FACTS.[13]

On January 20, 2020, Ms. Seraphin retained[14] Mr. Rotbart and his firm the Law Office of Brandon A. Rotbart, P.A., to represent her in a child support action against Nayvadius Wilburn. Ms. Seraphin signed a written retainer agreement in

---

[7] *Warren Tech., Inc. v. UL LLC*, 962 F.3d 1324, 1328 (11th Cir. 2020) (quoting *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004)).

[8] *Iqbal*, 556 U.S. at 679.

[9] *Id.* at 678–79.

[10] Fed. R. Civ. P. 9(b), made applicable here by Fed. R. Bankr. P. 7009.

[11] *Rosen v. Case (In re Case)*, 636 B.R. 834, 840–41 (Bankr. S.D. Fla. 2022) (quoting *Sampson v. Washington Mut. Bank*, 453 F. App'x 863, 866 (11th Cir. 2011) (cleaned up)).

[12] *Id.* (quoting *In re Taylor, Bean, & Whitaker Mortg. Corp.*, 2011 WL 5245420, at *5 (Bankr. M.D. Fla. 2011)).

[13] As discussed, in ruling on a motion to dismiss, the Court accepts the facts alleged as true. *Iqbal*, 556 U.S. at 678.

[14] Dkt. No. 35, at 7.

which she agreed to pay the firm's fees and costs. The retainer agreement also provided that if Mr. Rotbart had to sue Ms. Seraphin to collect his fees and costs, Ms. Seraphin agreed to be responsible for the attorney's fees and costs of the collection litigation. On December 21, 2020, the parties executed an amendment[15] to the retainer agreement to memorialize an increase in Mr. Rotbart's hourly rate from $250 to $350.

On or about March 4, 2021, Ms. Seraphin hired a new attorney and replaced Mr. Rotbart as her counsel. Although she still owed the plaintiffs a substantial balance in unpaid fees, she refused to cooperate in requesting payment of those fees from Mr. Wilburn in the family court litigation. After obtaining new counsel, Ms. Seraphin then entered into a settlement agreement resolving the child support case against Mr. Wilburn. Under the terms of that settlement agreement, she secured child support for herself and attorney's fees for the attorney who replaced Mr. Rotbart. But no provision of the settlement agreement provided for payment of Mr. Rotbart's fees. The plaintiffs allege that Ms. Seraphin entered into this settlement "fraudulently and secretly," and that despite state court orders to disclose its terms, Ms. Seraphin refused to do so.

Mr. Rotbart and his firm then sued Ms. Seraphin in Miami-Dade County Circuit Court,[16] asserting eight claims for relief, including two fraud counts. Specifically, they alleged in Count V of their state court complaint that Ms. Seraphin advised the plaintiffs their fees and costs would be paid from Mr. Wilburn and that

---

[15] Dkt. No. 35, at 9.
[16] *Rotbart v. Seraphin*, Case No. 22-22700-CA-01 (Fla. 11th Cir. Ct.).

she would assist with obtaining the fees from him. The plaintiffs then alleged that by having substitute counsel replace the plaintiffs, Ms. Seraphin prevented the plaintiffs from obtaining their fees from Mr. Wilburn.

In Count VI, the plaintiffs alleged that they believed Ms. Seraphin conspired with others to deny them their fees and costs and that they believed Ms. Seraphin attempted to misrepresent that her settlement agreement with Mr. Wilburn provided only for child support (which would not be subject to an attorney's charging lien). They further alleged that Ms. Seraphin refused to provide them with a copy of the settlement agreement. And they alleged "upon information and belief, it is apparent that if [*sic*] the settlement agreement may not provide only for child support, and that there may be a side agreement (whether written or otherwise) in which" Ms. Seraphin "understood and/or agreed" that successor counsel would be paid from funds paid to Ms. Seraphin or otherwise paid by Mr. Wilburn.

Ms. Seraphin appeared in this state court action and obtained an extension of time to respond to the complaint but then failed to file an answer by the extended deadline. On August 2, 2023, the state court then entered a default final judgment "in favor of the Plaintiff and against the Defendant Eliza Seraphin" on all eight counts, "including the 2 counts of fraud." The court awarded $183,772.50 in damages, plus pre-judgment interest, costs, and attorney's fees, and ordered payment within thirty days.

## III.    PROCEDURAL HISTORY.

Ms. Seraphin then filed a chapter 13 bankruptcy petition on November 26, 2024. And on January 14, 2025, the plaintiffs filed a complaint in this Court against

5

Ms. Seraphin ostensibly seeking a determination that Ms. Seraphin's debt is excepted from any discharge she might receive in her bankruptcy case. At the initial scheduling conference[17] – at which point Ms. Seraphin had not yet been served – the Court pointed out a number of pleading deficiencies and granted the plaintiffs leave to amend their complaint.[18] The plaintiffs timely did so.[19] Ms. Seraphin then moved to dismiss the amended complaint arguing, in part, that it was an improper shotgun pleading.[20] The Court granted her motion and dismissed the amended complaint without prejudice, giving the plaintiffs 21 days' leave to file a second amended complaint.[21]

The plaintiffs then timely filed their second amended complaint seeking a determination that the state court judgment debt is nondischargeable under 11 U.S.C. § 523(a)(2)(A), as a debt for money, property, or services to the extent obtained by false pretenses, a false representation, or actual fraud, and under 11 U.S.C. § 523(a)(6), as a debt for willful and malicious injury by the debtor to another entity or to the property of another entity. Ms. Seraphin again moved to dismiss.

## IV.    SUMMARY OF THE ARGUMENTS.

Ms. Seraphin seeks dismissal with prejudice under Federal Rules of Civil Procedure 8, 9(b), and 12(b)(6), for failure to state a claim, including that the second amended complaint does not meet the heightened pleading requirements for fraud

---

[17] Dkt. No. 3.
[18] Dkt. No. 4.
[19] Dkt. No. 6.
[20] Dkt. No. 13.
[21] Dkt. No. 33.

under Rule 9(b). She also asserts that Mr. Rotbart, individually, is not a creditor in her bankruptcy case and seeks dismissal of the claims brought by him.

As to Count I, Ms. Seraphin argues that the claim is based solely on an alleged promise to pay that was later broken. As to Count II, she contends that reliance on a general default judgment without specific findings of fraud is inadequate for collateral estoppel under Florida law.[22] She further asserts that the complaint alleges no fraudulent conduct related to the original engagement and that alleged post-substitution of counsel actions do not constitute fraud under section 523(a)(2)(A). Finally, as to Count III, Ms. Seraphin argues that the plaintiffs fail to allege any injury to their person or property caused by her and provide no legal basis to sustain the claim. For each count, she requests dismissal with prejudice and seeks attorney's fees and costs under Florida statutes section 57.105(7).

In response,[23] the plaintiffs first argue that the defendant's motion is procedurally defective, characterizing it as a "shotgun pleading" because it repeats arguments from an earlier motion and relies on boilerplate language. The plaintiffs then contend that Mr. Rotbart is personally a creditor of Ms. Seraphin based on the terms of the original retainer agreement (which referenced both his law firm and Mr. Rotbart individually), as well as the state court complaint and the motion for default. While the state court's final judgment directed payment only to the law firm, it did not dismiss Mr. Rotbart's individual claims.

---

[22] *See In re Harris*, 3 F.4th 1339 (11th Cir. 2021).
[23] Dkt. No. 39.

Addressing Count I, the plaintiffs maintain that their fraud claim under section 523(a)(2)(A) is not merely based on a broken promise to pay. Rather, they maintain that Ms. Seraphin misrepresented that she would either pay their fees or cooperate in seeking payment from a third party and then refused to do so. This, they contend, adequately states a claim for nondischargeability of a debt for money, property, or services to the extent obtained by fraud.

Regarding Count II, the plaintiffs attempt to factually distinguish the Eleventh Circuit case of *In re Harris*[24] regarding the collateral estoppel effect of a state court default judgment on nondischargeability determinations.[25] Unlike in *Harris*, where a general default judgment did not specify findings of fraud, the plaintiffs' state court default judgment here expressly granted relief on all eight counts of their complaint, including two counts of fraud. Because the judgment specifically encompassed the fraud claims, they assert that collateral estoppel applies. They further allege that Ms. Seraphin engaged in additional fraudulent conduct after changing attorneys by settling her family law case in a way that secured financial benefits for herself and her then-current attorney, while intentionally excluding any provision for payment of the plaintiffs' fees.

As to Count III, the plaintiffs dispute Ms. Seraphin's claim that they failed to allege injury. They point to their allegation that Ms. Seraphin willfully and

---

[24] 3 F.4th at 1344.

[25] In both their second amended complaint and their response to the motion to dismiss, the plaintiffs incorrectly refer to res judicata as the applicable preclusion doctrine. Res judicata – or claim preclusion – does not apply in dischargeability actions. *Brown v. Felsen*, 442 U.S. 127 (1979). Collateral estoppel – or issue preclusion – on the other hand, can apply to dischargeability determinations. *Harris*, 3 F.4th at 1343.

maliciously injured them by avoiding payment of their fees and structuring the settlement with Mr. Wilburn to minimize any potential payment toward those fees, thereby causing them financial harm. Ms. Seraphin also argues – for the first time in her reply brief – that under 11 U.S.C. § 1328(a)(2), a debt for willful and malicious injury under section 523(a)(6) is not an exception to discharge in a chapter 13 case.[26] The Court then permitted the plaintiffs to file a sur-reply,[27] in which they argue that section 523(a)(6) does apply when a chapter 13 debtor obtains a hardship discharge under 11 U.S.C. § 1328(b).

## V.    ANALYSIS.

### A.    Count I: 11 U.S.C. § 523(a)(2)(A).

Section 523(a)(2)(A) excepts from discharge debts "for money, property, [or] services . . . to the extent obtained by . . . false pretenses, a false representation, or actual fraud."[28] The plaintiffs assert that Ms. Seraphin's debt to them is excepted from discharge under section 523(a)(2)(A) because she "fraudulently represented that she would either pay [the plaintiffs'] fees, or alternatively that she would cooperate in obtaining such fees from Mr. Wilburn."[29] This allegation, however, is precisely the type of legal conclusion masquerading as fact that fails to satisfy Rule 8(a)(2)'s

---

[26] "Normally the Court would not consider an argument raised for the first time in a reply brief." *In re Khan*, 652 B.R. 552, 559 (Bankr. S.D. Fla. 2023) (citing *In re Visium Techs., Inc.*, 635 B.R. 428, 431 (Bankr. S.D. Fla. 2022); *Fed. Trade Comm'n v. Alternatel, Inc.*, 2008 WL 11333090, at *2 (S.D. Fla. 2008); *KMS Rest. Corp. v. Wendy's Intern., Inc.*, 361 F.3d 1321, 1328 n.4 (11th Cir. 2004); *Tallahassee Mem'l Reg'l Med. Ctr. v. Bowen*, 815 F.2d 1435, 1446 n.16 (11th Cir. 1987)), *aff'd*, *Khan v. Panjwani*, Case No. 23-cv-61473-JB (S.D. Fla. Sep. 25, 2024) (Dkt. No. 27, at 6–7).

[27] Dkt. No. 43.

[28] 11 U.S.C. § 523(a)(2)(A).

[29] Dkt. No. 35, at 2. *See Khan v. Panjwani*, Case No. 23-cv-61473-JB (S.D. Fla. Sep. 25, 2024) (Dkt. No. 27, at 6–7) (bankruptcy court did not err in considering an argument raised for the first time in a reply, where the opposing party was then given a full and fair opportunity to address the new argument).

9

pleading requirement. Count I alleges only that Ms. Seraphin promised to pay for legal services and failed to do so. These allegations plead a claim for breach of contract. They do not, however, suffice to state a claim – and certainly not with the specificity required by Rule 9(b) – that the debt is one for money, property, or services to the extent obtained by false pretenses, a false representation, or actual fraud under 11 U.S.C. § 523(a)(2)(A). Count I will therefore be dismissed.

      B.    <u>Count II: 11 U.S.C. § 523(a)(2)(A)</u>.

Count II also seeks a determination of dischargeability under section 523(a)(2)(A). This count, however, is premised on Ms. Seraphin's actions *after* she incurred a debt to the plaintiffs. A debtor's actions in avoiding payment after incurring a debt, however, are irrelevant to a nondischargeability claim under section 523(a)(2)(A).[30]

Nor does the state court judgment collaterally estop Ms. Seraphin from contesting dischargeability. Under federal law, collateral estoppel can apply to bankruptcy dischargeability proceedings.[31] But the elements of state collateral estoppel law – here Florida's, because the judgment was issued by a Florida state court – determine the state court judgment's preclusive effect.[32] The elements of collateral estoppel under Florida law are that:

---

[30] *In re Gaddy*, 977 F.3d 1051, 1058 (11th Cir. 2020) (explaining that a debtor's fraudulent conveyance of assets to avoid collection of a preexisting debt does not render that preexisting debt exempt from discharge under § 523(a)(2)(A)); *see also In re Rivera*, 2020 WL 4018986, at *2–3 (Bankr. S.D. Fla. 2020).

[31] *Harris*, 3 F.4th at 1344 (citing *In re St. Laurent*, 991 F.2d 672, 675 (11th Cir. 1993); *Grogan v. Garner*, 498 U.S. 279, 284 n.11 (1991)).

[32] *Id.*

(1)     the identical issue was presented in the prior proceeding;

(2)     the issue was a critical and necessary part of the prior determination;

(3)     there was a full and fair opportunity to litigate the issue;

(4)     the parties to the prior action were identical to the parties of the current proceeding; and

(5)     the issue was actually litigated.[33]

When based on a default judgment, however, collateral estoppel can be difficult to apply in a dischargeability proceeding. As the Eleventh Circuit explained in *Harris*:

> when a complaint alleges several alternative (and inconsistent) factual grounds for a legal claim, and each of those grounds would be independently sufficient to establish the claim, it is impossible to tell which of the grounds a general default judgment was based on. And if one of those alternative factual grounds is insufficient to meet the elements of fraud under the Bankruptcy Code, the issues cannot be deemed identical.[34]

Here, the underlying state court complaint alleged several alternative grounds for relief, only two of which asserted fraud. But merely adding the parenthetical truism that its default final judgment on all eight counts included the two fraud counts makes it no more possible to tell on which grounds the general default judgment was based than was the case in *Harris*. It is thus impossible to tell – based on the default judgment – whether the issues in the state court litigation were identical to the issues here. Collateral estoppel therefore does not apply here. Count II also suffers from the same pleading deficiencies as Count I, in that the fraud allegations are not pleaded

---

[33] *Thakkar v. Good Gateway, LLC*, 351 So. 3d 192, 195 (Fla. 5th DCA 2022) (cleaned up).
[34] *Harris*, 3 F.4th at 1348–49.

with the specificity required by Rule 9(b). Count II therefore fails to state a claim and must be dismissed.

    C.    <u>Count III: 11 U.S.C. § 523(a)(6)</u>.

Section 523(a)(6) excepts from discharge debts "for willful and malicious injury by the debtor to another entity or to the property of another entity."[35] "An injury alleged as the basis for a non-dischargeable claim under section 523(a)(6) must be both willful and malicious."[36] "[T]o prove willfulness under section 523(a)(6), a plaintiff must prove that the debtor acted intentionally; proof that the injury resulted from reckless or negligent conduct is not sufficient."[37] "A debtor acts willfully when the debtor either intended the injury that resulted or the debtor acted intentionally and the act in question was certain or substantially certain to result in the injury."[38] The "malicious" element is satisfied when there is a showing that the debtor acted "wrongful[ly] and without just cause or excessive[ly] even in the absence of personal hatred, spite or ill-will."[39]

As with Counts I and II, Count III fails to plausibly allege the necessary elements of the claim. Specifically, it fails to allege that in not paying their legal fees Ms. Seraphin intended to injure the plaintiffs, or that she acted intentionally and the

---

[35] 11 U.S.C. § 523(a)(6).

[36] *In re Keitel*, 2018 WL 9597494, at *4 (Bankr. S.D. Fla. 2018) (citing *Stewart Tilghman Fox & Bianchi, P.A. v. Kane (In re Kane)*, 470 B.R. 902, 939 (Bankr. S.D. Fla. 2012)).

[37] *Id.* (citing *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998)).

[38] *Id.* (citing *Thomas v. Loveless (In re Thomas)*, 288 F. App'x 547, 549 (11th Cir. 2008) (citing *Hope v. Walker (In re Walker)*, 48 F.3d 1161, 1165 (11th Cir. 1995))); *see also In re Gelinas*, 2008 WL 5640701, at *6 (Bankr. S.D. Fla. 2008) ("The 'mere failure to abide by contractual obligations is not sufficient to sustain an exception to discharge' under § 523(a)(6)." (quoting *Calumet v. Whiters (In re Whiters)*, 337 B.R. 326, 339 (Bankr. N.D. Ind. 2006))).

[39] *Lee v. Ikner (In re Ikner)*, 883 F.2d 986, 991 (11th Cir. 1989) (quoting *Sunco Sales, Inc. v. Latch (In re Latch)*, 820 F.2d 1163, 1166 n. 4 (11th Cir. 1987)).

act in question was certain or substantially certain to result in injury. Rather – as with Counts I and II – all Count III plausibly alleges is that Ms. Seraphin promised to pay the plaintiffs' legal fees and then broke that promise (i.e., breached a contract). The remaining allegations in Count III go to her conduct *after* incurring the debt. The plaintiffs allege that she fraudulently entered into a settlement agreement regarding her child support litigation that made no provision to pay the plaintiffs' fees. But, as with Count II, her conduct after incurring the debt has no bearing on whether the debt itself – a debt for breach of contract – is a debt for willful and malicious injury.

In most cases, a debt for breach of contract would not constitute a debt for willful and malicious injury that could be excepted from discharge under section 523(a)(6).[40] Courts have, however, determined breach of contract damages to be excepted from discharge under section 523(a)(6) in a few limited circumstances, including "when the damages are based on a security agreement granting the creditor a legal property interest in collateral that is then converted by the debtor for a non-business purpose," and "when the contract's terms are sufficiently restrictive regarding the use of specified funds to impose a fiduciary duty on the debtor."[41] The allegations here come nowhere close to these types of circumstances, and accordingly

---

[40] *Matter of Belcher*, 664 B.R. 879, 890 (Bankr. N.D. Ga. 2024); *In re May*, 518 B.R. 99, 124–125 (Bankr. S.D. Ga. 2014); *In re Barreto*, 514 B.R. 702, 712 (Bankr. S.D. Fla. 2013), *aff'd*, 2014 WL 3928518 (S.D. Fla. 2014).

[41] *May*, 518 B.R. at 125; *see Barreto*, 514 B.R. at 712–13 (concluding that an intentional breach of contract "was accompanied by the requisite 'malicious and willful tortious conduct' because of the close association between the judgment for fraudulent misrepresentation and the judgment for breach of contract along with the nucleus of facts surrounding such findings.").

Count III fails to state a claim upon which relief may be granted and must be dismissed.[42]

      D.   <u>Other Arguments</u>.

Because none of the counts of the second amended complaint state a claim, the Court need not determine whether Mr. Rotbart personally is a proper plaintiff here. The Court notes, however, that Mr. Rotbart individually was a plaintiff in the state court action, and that Ms. Seraphin defaulted in that action. Accordingly, she is deemed to have admitted the factual allegations in the state court complaint,[43] including her liability to Mr. Rotbart individually. Thus, whether the default final judgment properly identifies and reflects which creditors hold the judgment does not affect the determination of whether Ms. Seraphin owes a debt to either plaintiff here.

Likewise, the plaintiffs' argument that Ms. Seraphin's motion to dismiss is a prohibited shotgun pleading is misplaced and not a basis to deny the motion. A motion

---

[42] Ms. Seraphin also argued that section 523(a)(6) is not an exception to the discharge in a chapter 13 case. She is correct that in most chapter 13 cases where a debtor receives a standard discharge under 11 U.S.C. § 1328(a), the section 523(a)(6) exception to discharge for willful and malicious injury does not apply. 11 U.S.C. § 1328(a)(2) (a standard chapter 13 discharge does not discharge a debt "of the kind specified in section 507(a)(8)(C) or in paragraph (1)(B), (1)(C), (2), (3), (4), (5), (8), or (9) of section 523(a)"). But if a debtor seeks and obtains a hardship discharge under 11 U.S.C. § 1328(b), then all the exceptions to discharge listed in section 523(a) – including under section 523(a)(6) – do apply. 11 U.S.C. § 1328(c)(2) ("A discharge granted under subsection (b) of this section discharges the debtor from all unsecured debts provided for by the plan or disallowed under section 502 of this title, except any debt— . . . (2) of a kind specified in section 523(a) of this title."). It is too early to know whether Ms. Seraphin will complete her chapter 13 plan payments and get a standard chapter 13 discharge (in which case section 523(a)(6) would not apply), whether she will default on her payments and have her case dismissed (in which case this may all be moot), or whether she may seek and be granted a hardship discharge under section 1328(b) (in which case a debt under section 523(a)(6) would be excepted from discharge). Had the plaintiffs otherwise stated a claim, Ms. Seraphin's section 1328(a) argument would not have been a basis to dismiss Count III at this stage.

[43] *Ciotti v. Hubsch*, 302 So. 3d 497, 499 (Fla. 5th DCA 2020); *Kotlyar v. Metro. Cas. Ins. Co.*, 192 So. 3d 562, 565 (Fla. 4th DCA 2016); *Donohue v. Brightman*, 939 So. 2d 1162, 1164 (Fla. 4th DCA 2006); *Rich v. Spivey*, 922 So. 2d 326, 327 (Fla. 1st DCA 2006); *Fiera.com, Inc. v. DigiCast New Media Group, Inc.*, 837 So. 2d 451, 452 (Fla. 3d DCA 2002).

is not a pleading. A pleading – as set forth in Federal Rule of Civil Procedure 7(a) – is "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer."[44] The pleading requirements discussed at length in the Court's earlier order dismissing the first amended complaint do not apply to a motion.[45] For bankruptcy cases, Federal Rule of Bankruptcy Procedure 9013(b) sets forth the requirements for a motion: "A motion must state its grounds with particularity and set forth the relief or order requested."[46] Ms. Seraphin's motion to dismiss satisfied these requirements.

      E.    <u>Ms. Seraphin's Request for Attorney's Fees</u>.

In the prayers for relief in her motion to dismiss, Ms. Seraphin requests an award of fees and costs under Florida Statutes section 57.105(7), which states in relevant part that:

> (7)   If a contract contains a provision allowing attorney's fees to a party when he or she is required to take any action to enforce the contract, the court may also allow reasonable attorney's fees to the other party when that party prevails in any action, whether as plaintiff or defendant, with respect to the contract.[47]

Here, the January 20, 2020 engagement letter attached as an exhibit to the second amended complaint stated as follows:

> It is also understood and agreed between us that if I must institute litigation against you to collect any portion of your financial obligation

---

[44] Fed. R. Civ. P. 7(a), made applicable by Fed. R. Bankr. P. 7007.
[45] *In re Seraphin*, 2025 WL 1466332, at *2–6 (Bankr. S.D. Fla. 2025) (quoting *Barmapov v. Amuial*, 986 F.3d 1321, 1325 (11th Cir. 2021)).
[46] Fed. R. Bankr. P. 9013(b).
[47] Fla. Stat. § 57.105(7).

to me for fees and costs under this retainer, that you will be responsible for attorney's fees and costs incident to such litigation and that I will be entitled to attorney's fees for such litigation at my hourly rate of $250.00 per hour. You acknowledge your awareness of my billing rate of $250.00 per hour and your willingness to pay the same if necessary.[48]

Section 57.105(7) applies "where a contract contains 'a provision that confers on a party the right to attorney's fees while not affording a comparable right to the other party,'" and "'transforms the one-sided provision into a reciprocal provision.'"[49] The statute applies in bankruptcy adversary proceedings seeking a determination of dischargeability of a debt under section 523(a).[50] Although the statute uses the term "may," Florida courts hold that its application is mandatory.[51] Accordingly, because the Court is granting Ms. Seraphin's motion to dismiss the second amended complaint, she is the prevailing party under Fla. Stat. § 57.105(7), such that she is entitled to reasonable attorney's fees for defending against this action.

## VI.  CONCLUSION.

For the reasons discussed above, Counts I, II, and III each fail to state a claim for relief and must be dismissed. And because the plaintiffs have already twice been given leave to amend and have still failed to state a claim, dismissal will now be with

---

[48] The December 21, 2020 executed amendment to the engagement letter – also attached as an exhibit to the second amended complaint – then provided for an increase of Mr. Rotbart's hourly rate from $250 to $350.
[49] *In re Francis*, 634 B.R. 824, 826 (Bankr. S.D. Fla. 2021) (quoting *Levy v. Levy*, 326 So. 3d 678 (Fla. 2021)).
[50] *Cadle Co. v. Martinez (In re Martinez)*, 416 F.3d 1286 (11th Cir. 2005); *see also In re Gleiber*, 653 B.R. 279, 283 (Bankr. S.D. Fla. 2023) (holding that Fla. Stat. § 57.105(7) applies in an adversary proceeding seeking to deny a debtor a discharge under 11 U.S.C. § 727(a)).
[51] *Landry v. Countrywide Home Loans, Inc.*, 731 So. 2d 137, 140 (Fla. 1st DCA 1999) ("the discretion granted by use of 'may' pertains to the determination of a prevailing party in an action founded on a contract," not to the statute's application once the prevailing party determination has been made).

16

prejudice. Finally, under Fla. Stat. § 57.105(7), Ms. Seraphin is entitled to reasonable attorney's fees and costs for defending this action. It is therefore

**ORDERED** that:

1.    Ms. Seraphin's motion to dismiss[52] the plaintiffs' second amended complaint is **GRANTED**.

2.    The second amended complaint[53] is **DISMISSED WITH PREJUDICE**.

3.    Ms. Seraphin's request for an award of reasonable fees and costs under Florida Statutes § 57.105(7) is **GRANTED**.

4.    Within 21 days after entry of this Order, counsel for Ms. Seraphin must file a declaration under 28 U.S.C. § 1746 – together with supporting time and expense records as an exhibit – substantiating her requested fees and costs.

5.    If the plaintiffs object to the fees and costs requested, they must file an objection within 14 days after counsel for Ms. Seraphin files his declaration.

# # #

*Copies to all parties of record by CM/ECF.*

---

[52] Dkt. No. 36.
[53] Dkt. No. 35.

17